ADAM L. SPENCE, RESPONDENT, v. HARRY H. HUTCHIN-
SON, JR., APPELLANT.

Submitted June 8, 1925,—Decided October 19, 1925.

1. In an action for damages for breach of an express warranty that seed potatoes purchased were "certified seed," the measure of damages is the difference between the value of the .product of the seed sold and the value of the product that would have resulted had the seed corresponded to the warranty.

2. In an action for damages for breach of an express warranty that one hundred bags of seed potatoes sold by defendant to the plaintiff (a farmer) were "certified seed," defendant's offer of testimony of other farmers as to what crops they obtained, "within ten to fifteen miles" of plaintiff's farm, from *uncertified* seed potatoes sold at about the same time from the bulk lot of six hundred sacks from which plaintiff's purchase was made, was properly overruled as without probative force as to the value of the product of the seed sold to the plaintiff (for which purpose it was offered), there being no proof nor offer of proof of reasonable or substantial similarity of situation and character of soil and corresponding time of planting and growing conditions.

3. No judgment will be reversed on the ground of the improper exclusion of evidence, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party.

4. On appeal, where the complaint is of the improper exclusion of evidence, and it appears that substantially the same question was asked by the complaining party of the same witness and was answered responsively, the exclusion of the evidence will not lead to a reversal.

5. A request for an instruction should be 'denied which assumes the existence of certain facts, or of evidence tending to prove them, when, in fact, there is no such evidence.

On appeal from the Supreme Court.

For the appellant, *Harvey T. Satterthwaite.*

For the respondent, *John Meirs.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment entered in the Supreme Court upon a verdict in favor of plaintiff-respondent at the Burlington Circuit.

The action was brought to recover damages arising out of a sale by the defendant to the plaintiff of one hundred bags of seed potatoes, averred by the plaintiff, and denied by the defendant, to have been sold with an express warranty that the potatoes were "South Jersey Grown Second Crop Cobbler Certified Seed."

At the trial the question whether or not such warranty was made was submitted to the jury by the trial judge. The jury found that it was, and there was evidence to support that finding. The defendant admitted that the potatoes furnished did not comply with that warranty, and there remains for consideration only the question whether there was any error prejudicial to the defendant in respect to other matters and now to be considered.

First. It is contended that the trial judge erred in overruling defendant's offer of the testimony of other farmers as to what crops they obtained, "within ten or fifteen miles" of plaintiff's farm, from *uncertified* seed potatoes sold at about the same time from the bulk lot of six hundred sacks from which plaintiff's purchase was made.

This evidence was offered in diminution of damages, and we think was properly overruled for the reason now to be stated.

The warranty was that the potatoes sold to the plaintiff were "certified seed," *i. e.,* "seed grown according to rules and regulations laid down by the state department of agriculture and the Seed Potato Association, inspected and certified by them." Admittedly, they were not certified seed. The measure of the plaintiff's damages was the difference between the value of the product of the seed sold and the value of the product that would have resulted had the seed corresponded to the warranty *(Wolcott* v. *Mount,* 36 *N. J. L.* 262; *affirmed,* 38 *Id.* 496), and the trial judge so instructed the jury. Testimony of other farmers as to what crops they obtained within ten to fifteen miles of plaintiff's farm, from *uncertified* seed sold by the defendant at about the same time from the bulk lot from which plaintiff's purchase was made, was properly overruled as without probative force respecting

the value of the product of the seed sold to the plaintiff (for which purpose it was offered), there being no proof nor offer of proof of reasonable or substantial similarity of situation and character of soil, and corresponding time of planting and growing conditions.

It is next contended that the judgment should be reversed because the trial judge overruled one question, and struck out an irresponsive answer to another question, both put by counsel of the defendant to his own witness as to whether or not certified seed potatoes were commercially in the market at the time of the sale in question.

The defendant's avowed purpose was to have it inferred that there was no warranty that the seed were certified if there were no certified seed commercially in the market at that time.

Assuming, without deciding, that such inquiry was material to the issue, we think it a sufficient answer to say that its exclusion was not prejudicial in the circumstances of the present case. The same witness, in response to other questions put by counsel for the defendant, testified that he was a dealer and knew how certified seed potatoes were shipped *at that time,* and that they were shipped in sacks with a tag on them, marked and designated.

Now, the rule is that no judgment will be reversed on the ground of the improper exclusion of evidence, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party. *Kargman* v. *Carlo,* 85 *N. J. L.* 632. Where, as here, the complaint is of the improper exclusion of evidence, and it appears that substantially the same question was asked by the complaining party of the same witness, and was answered responsively, the exclusion of the evidence will not lead to a reversal.

Our view that the exclusion of the evidence referred to was not prejudicial to the defendant is strengthened by the fact which the record discloses, that the defendant, by his own examination of the chief inspector of the state department of agriculture, proved that there was some certified seed on the market at the time in question.

It is further argued that the judge erred in refusing to charge the defendant's second request.

To that it is sufficient answer to say that a request for an instruction should be denied which assumes the existence of certain facts, or of evidence tending to prove them, when, in fact, there is no such evidence. This request was faulty in that respect.

We have examined with care the remaining questions argued in the painstaking brief of the defendant, but find no error which, in our judgment, is prejudicial to him.

The judgment will be affirmed, with costs.

*For affirmance*—The Chief Justice, Trenchard, Parker, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, JJ. 13.

*For reversal*—Minturn, J. 1.