27 N.J. Super. 254 (1953)
99 A.2d 329
NEAL DIEPEVEEN, T/A NEAL BULB CO., PLAINTIFF-APPELLANT,
v.
LARRY VOGT, INC., A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1953.
Decided September 10, 1953.
*255 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Charles W. Symanski argued the cause for appellant (Mr. Robert W. MacQuestein, on the brief).
Mr. Samuel J. Davidson argued the cause for respondent (Mr. Alfred Gliedt, attorney; Mr. Otto Venino, Jr., of counsel; Mr. Nelson H. Tegrarian, on the brief).
The opinion of the court was delivered by EWART, J.A.D.
Plaintiff appeals from a judgment of the Bergen County District Court entered against him. There is no reference in the Appendix to a judgment except two forms of judgment submitted by counsel to the court which were not adopted by it. Rule 1:7-2 requires that there be printed as a part of the Appendix in all causes the judgment under review. Nor is there included in the Appendix findings of fact and conclusions of law required by Rule 7:16-3. However, it is conceded by both parties that judgment was entered for the defendant. We pass to the merits of the case.
Plaintiff is an importer of plant bulbs and sues the defendant, a florist, for the price of bulbs he sold defendant, which were of such inferior quality as to be of no value.
*256 The defendant claims to be relieved from his liability for the sale price, on the ground that the plaintiff under R.S. 46:30-21(1) had impliedly warranted the bulbs to be fit for florist trade. It might be urged, too, that since the goods were bought by description, there was impliedly under R.S. 46:30-21(2) a warranty of merchantability. Besides these implied warranties, there was an express representation by the plaintiff that the bulbs were "of first grade quality." This express representation is not the sort of puffing to which the courts give no weight. Williston on Sales (Rev. Ed.), § 202.
The defendant seems to proceed by way of a recoupment under R.S. 46:30-75(1)(a), which should have been asserted by counterclaim. Rule 7:5-8. No pleading was filed by defendant. However, this defect in practice does not affect the result here. Rule 4:15-2.
Plaintiff attempts to escape from the above-mentioned implied and express warranties, relying on a printed inscription in the invoice, reading:
"We give no warranty, express or implied, as to description, quality, productiveness or any other matter of any seeds, bulbs or plants we send out, nor will we be in any way responsible for the crop."
We find from the record that there was an oral contract for the sale of the bulbs, executed prior to the invoice. This is borne out by the proof that the delivery of the bulbs was made pursuant to a previous "standing order." Hence the invoice containing the disclaimer was not the contract.
In fact the bulbs were already packed in closed cases at the time that a representative of the defendant signed on the invoice the words "picked up Oct. 27th." Title to the bulbs therefore passed to the defendant at the time they were packed; they were then appropriated to the "standing order" by the plaintiff. R.S. 46:30-25, rule 4(1).
After a contract to sell has been entered into or, at any event, where title has passed to the buyer, a disclaimer of warranties, such as this one, is ineffectual. When *257 warranties once become binding, a disclaimer of them cannot be operative, unless, along with the disclaimer or otherwise, the warranties have been rescinded. Edgar v. Jos. Breck & Sons Corp., 172 Mass. 581, 52 N.E. 1083 (Sup. Jud. Ct. 1899); Ward v. Valker, 44 N.D. 598, 176 N.W. 129 (Sup. Ct. 1920); Davis v. Ferguson Seed Farms, Tex. Civ. App., 255 S.W. 655 (1923); Ingraham v. Associated Oil Co., 166 Wash. 305, 6 P.2d 645 (Sup. Ct. 1932). See Moorehead v. Minneapolis Seed Co., 139 Minn. 11, 165 N.W. 484, L.R.A. 1918C, 391 (Sup. Ct. 1917). Plaintiff is therefore not relieved of his liabilities on the implied and express warranties.
Judgment affirmed.