38 N.J. Super. 297 (1955)
118 A.2d 835
FRANK ST. GEORGE AND JERRY ST. GEORGE, T/A FRANK ST. GEORGE & SON, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH GRISAFE, DEFENDANT-APPELLANT, AND JOSEPHINE BRENNAN AND JOHN LICHATIN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1955.
Decided December 2, 1955.
*298 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Mervyn R. Montgomery argued the cause for the defendant-appellant.
Mr. David Cohn argued the cause for the plaintiffs-respondents (Mr. Albert Cohn, attorney).
*299 The opinion of the court was delivered by FREUND, J.A.D.
The plaintiffs purchased from the defendant-appellant Joseph Grisafe, a dealer in automotive equipment, a second-hand Diesel tractor, bulldozer model. They brought this suit for rescission, damages for breach of an express warranty, and to restrain the sale of the repossessed equipment. The defendants counterclaimed for the balance due on certain promissory notes secured by a chattel mortgage executed by the plaintiffs to the Bank of Bogota to raise part of the purchase price and to pay for certain repairs to the tractor, and assigned after default to the defendant Josephine Brennan, who is conceded to be Grisafe's nominee.
The trial court determined that the defendant Grisafe had expressly warranted that the tractor would be in A-1 condition and that such warranty had been breached. It filed an opinion denying plaintiffs' plea for rescission because of laches, but directed entry of a money judgment in the amount of the excess of plaintiffs' damages over the sum due on the counterclaim, which excess was computed at $489.07. However, the final judgment actually entered awarded to the plaintiffs the sum of $2,195.97. This was explained at the oral argument as being on the basis that the trial court considered that since the defendants had repossessed the tractor, the counterclaim on the notes and chattel mortgage should be disallowed. The judgment also directed that the notes and the chattel mortgage be cancelled and declared Grisafe entitled to retain possession of the tractor. Thereafter, the defendants moved to amend the judgment to conform to the amount stated in the opinion, but the motion was denied and judgment for $2,195.97 was allowed to stand. The defendant Joseph Grisafe appeals.
From our study of the record, which we have read both in the appendices and the original transcript, we are in accord with the trial court's conclusion denying the claim for rescission and as to the existence of a cause of action for breach of warranty. Diepeveen v. Larry Vogt, Inc., 27 N.J. Super. 254 (App. Div. 1953). Although the defendants *300 denied any expression of warranty and contended that the plaintiffs purchased the tractor "as is" in accordance with the terms of a bill of sale which was in evidence, the plaintiffs testified that they had never seen or been given any bill of sale. Significantly, nowhere in the record is plaintiffs' testimony denied, nor is it asserted by Grisafe that he ever showed or delivered the bill of sale to the plaintiffs, or advised them of its contents.
It is fundamental that in case of a breach of express warranty a buyer must elect between the remedies of rescission and recovery of damages. "An attempt to rescind, however, which is ineffective, e.g., because not sufficiently prompt, will not preclude the allowance of other remedies." 3 Williston on Sales (rev. ed.), § 612, p. 364. There was ample basis in the complaint for the relief by way of damages for breach of warranty.
The breach of warranty pertained specifically to quality  defendant's representation that the tractor was in perfect condition, "A-1." The plaintiffs proved otherwise  that it needed extensive repairs and even after they were made, the machine was not as warranted. The purchase price was $3,000, of which the plaintiffs paid $500 in cash and raised the balance by notes in the amount of $2,500. After delivery, the tractor broke down and repairs had to be made at a cost of $750.97, to pay for which the plaintiffs cancelled their previous notes and, with Grisafe's endorsement, recast their bank obligation in the amount of $3,387.50, secured by the chattel mortgage encumbering the tractor, to which reference has already been made. The machine still did not perform satisfactorily and after having paid $1,680.60 on account of their notes the plaintiffs defaulted. The bank pursued the defendant Grisafe as endorser on the notes. He paid the balance due on the notes and took an assignment of the chattel mortgage in the name of his daughter, Josephine Brennan. In her name the defendant then repossessed the tractor in the course of an attempted foreclosure of the chattel mortgage. In this proceeding he acknowledges that his daughter is acting in his behalf and therefore only a *301 nominal party, that he himself is the real party in interest. Sale of the tractor toward satisfaction of the claim was restrained by the court at the instance of the plaintiffs upon the filing of their complaint.
In admeasuring plaintiffs' damages the trial judge in his opinion declared "the measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty." He arrived at the sum of $489.07 as follows:
"Grisafe paid $1,000 for the bulldozer and expended $700 for repairing, so in the absence of other proof the value of the machine at the time of its purchase was $1,700. Had the bulldozer been in the shape warranted, its value would have been $3,000, a difference of $1,300. Plaintiffs expended $1,045.97 for repairs. The cost of the bulldozer hired to do the work of the disabled machine was $330. Thus plaintiffs' total damages would be $2,675.97. From this figure must be deducted the unpaid balance of the purchase price, amounting to $1,706.90 and the value of eight days' use of the machine at $60 a day, for a total of $480. Credits to which the defendant is entitled amount to $2,186.90.
There will be judgment in favor of the plaintiff for $489.07."
For reasons already stated the judgment actually entered for the plaintiffs was in the amount of $2,195.97. Here, we have a case of breach of warranty of quality and the correct rule as to damages, both at common law and today by statute, is subdivision (7) of R.S. 46:30-75, which provides:
"(7) In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."
Cf. Cook v. Rice, 135 N.J.L. 240 (Sup. Ct. 1947).
In order that the proper rule be applied in this instance, it is necessary that the actual value of the tractor in its condition at the time of delivery to the purchaser be determined and deducted from the value it would have had if it had conformed to the warranty. While we may concur in the conclusion of the trial court that if the tractor had *302 been as warranted, its value would be the contract price of $3,000, we cannot agree that its actual value as delivered may be taken at the sum of what the dealer paid for it and what he expended for repairs. These factors do not allow for reasonable dealer's profit. Cf. Sorokach v. Trusewich, 35 N.J. Super. 86, 94 (App. Div. 1955). Nor does the added cost of repairs reflect market or fair value. The only opinion evidence as to actual value is that given by the defendant's witness, DeRocco, whose figure was from $3,000 to $3,500. This is not of much assistance as we have no estimate from the witness as to what the value of the machine would have been if delivered in the condition warranted. Under all the circumstances we are of the opinion that the interests of justice require that further proofs be taken on this issue on the remand, plaintiffs of course to carry the burden of proof.
The other items of consequential damages which the trial court allowed the plaintiffs we find unexceptionable.
"One who warrants goods to possess a certain quality is held to an extensive liability for consequential damages for the breach of warranty, * * *. If consequential damages are material consequences of a breach of warranty, the plaintiff is generally allowed to recover them." 3 Williston on Sales (rev. ed), § 614, p. 371.
The "special circumstances" of greater damages than the loss of bargain referred to in R.S. 46:30-75(7) are present here.
The defendant Grisafe on his counterclaim is entitled to recover the balance due on the notes secured by the chattel mortgage as of the time the plaintiffs defaulted. We are not in agreement with the action of the trial court in disallowing the counterclaim. Grisafe's rights as assignee of the notes and chattel mortgage are entirely unaffected by his liability to plaintiffs for breach of warranty on the sale. They constituted a valid and subsisting claim in the hands of the bank to which the defendants succeeded by assignment. The tractor was the security, as evidenced by the chattel mortgage, for payment of the notes. Grisafe was not obliged to repossess the tractor in satisfaction of *303 the plaintiffs' obligation  it was to be sold under the chattel mortgage and the amount realized applied toward the amount due on the notes. However, on the plaintiffs' application Grisafe was restrained from selling the tractor by order of the court. This application was for the purpose of preserving the status quo in aid of the claim for rescission. Grisafe contends that by virtue of the restraint the tractor has depreciated in value since repossession. We consider that it would not be equitable to charge the defendant with such depreciation, if any, since the claim for rescission has been denied for laches. The tractor should, therefore, be presently sold and whatever it yields should be applied against the amount due to the defendant on his counterclaim.
The cause is remanded for the readmeasurement of damages. Judgment will be entered in favor of whichever party has a net balance in his favor against the other, after determination of the plaintiffs' damages on the breach of warranty and of the balance, if any, which will remain due to the defendant on his counterclaim after the sale of the tractor, which shall be upon notice to the plaintiffs and under the direction of the trial court. No costs to either party.