175 N.J. Super. 238 (1980)
417 A.2d 1133
EDWARD SUDOL, PLAINTIFF,
v.
RUDY PAPA MOTORS, DEFENDANT.
Superior Court of New Jersey, District Court Passaic County.
June 6, 1980.
*239 Robert E. Cassidy for plaintiff (Kenneth D. Iulo, attorney).
Francis J. Calise for defendant.
SAUNDERS, J.S.C. (temporarily assigned).
This opinion supplements the prior letter decision rendered in this case awarding judgment to plaintiff in the amount of $2026.77. Defendant argues that plaintiff seeks the equitable remedy of rescission, a remedy which the county district court is without power to grant.
The issue is whether a suit for the return of the purchase price of an automobile is an equitable claim for rescission, thus depriving the county district court of jurisdiction. R. 4:6-7 provides that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the matter. The question of the county district court's jurisdiction having arisen at trial, it is now properly before the court.
This court found, in its letter opinion, that plaintiff purchased a used 1973 Mercury Marquis automobile from defendant; that the automobile did not perform satisfactorily; that plaintiff gave defendant an opportunity to correct the defects; that defendant was unable or unwilling to correct the defects; that *240 in its defective condition the value of the car was substantially impaired and that plaintiff offered the return of the car and demanded the return of his purchase price.
N.J.S.A. 2A:6-34 provides that "every action of a civil nature at law other than a proceeding in lieu of a prerogative writ" shall be cognizable in the county district court, subject to the $3,000 jurisdictional limit. (Emphasis supplied). R. 4:3-1(a)(1) states that in Superior Court actions, if plaintiff's primary right or principal relief sought is equitable, then the action is to be brought in the Chancery Division, even though legal relief is demanded in addition or alternative to equitable relief. Defendant contends that plaintiff is seeking equitable rescission which can only be granted by the Chancery Division of the Superior Court and that the county district court's jurisdiction is statutorily limited to actions at law.
The law is clear that an action in which the primary right alleged or the principal relief sought is equitable is not within the jurisdiction of the county district court. Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459 (1961). This is to be distinguished from a law action in which an equitable defense is raised to defeat the claim or an equitable reply is advanced to defeat the defense. Id. at 466.
In Josefwicz v. Porter, 32 N.J. Super. 585 (App.Div. 1954), the parties had entered into a contract for the sale of 4 1/2 acres of land and building. Plaintiff claimed that the defendant had misrepresented the uses to which the property could be put and demanded the return of his down-payment. The appellate court, emphasizing the limited jurisdiction of the county district court, said, that the county district court had no jurisdiction over the action for rescission.
The issues presented in the instant case arise out of a purchase of a used automobile, which purchase is a sale of goods within the Uniform Commercial Code (hereinafter Code). N.J.S.A. 12A:2-102; 12A:2-106.
The Code explicitly provides the purchaser of goods with two statutory remedies: (1) a right to reject the goods upon an *241 improper delivery. N.J.S.A. 12A:2-601 (sometimes referred to as "the perfect tender rule"), and (2) a right to revoke his acceptance in whole or in part. N.J.S.A. 12A:2-608.
To reject goods the purchaser must notify the seller within a reasonable time after their delivery. N.J.S.A. 12A:2-602. Thus the buyer's right to inspect the goods before accepting them is preserved. N.J.S.A. 12A:2-513(1).
The right to revoke acceptance arises only after the purchaser has accepted the goods and when the value of the goods has been substantially impaired by a nonconformity. N.J.S.A. 12A:2-608(1). If acceptance occurred without discovery of the nonconformity, such acceptance must have been reasonably induced by (1) the difficulty of discovery before acceptance, or (2) the seller's assurances. If acceptance of the goods occurred with knowledge of the nonconformity, it must have been on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured. N.J.S.A. 12A:2-608(1)(a)(b).
The buyer must revoke the acceptance within a reasonable time after he has or should have discovered the defect, and before there is any substantial change in the condition of the goods not caused by the defect. N.J.S.A. 12A:2-608(2).
Under the Code the equitable remedy of rescission no longer exists as such.[1] The distinction sought to be made between the remedies of rescission and revocation of acceptance is not one of semantics. Unfortunately, this distinction was not made clear *242 in the case of Pavesi v. Ford Motor Co., 155 N.J. Super. 373 (Ch.Div. 1978), where the trial court, in applying N.J.S.A. 12A:2-608, spoke in mixed terms of rescission and revocation of acceptance.[2]
A party who is entitled to revoke his acceptance under the Code is no longer forced to elect between the remedies of rescission and damages. Cf. St. George v. Grisafe, 38 N.J. Super. 297, 300 (App.Div. 1955). Both revocation of acceptance and damages are available under the Code. New Jersey Study Comment, Comment 2; N.J.S.A. 12A:2-711(1) and (3).
Prior to the Code the remedy of rescission had to be sought in equity. Josefwicz v. Porter, supra. Moreover, New Jersey Courts have long been instructed that equitable jurisdiction cannot and should not be exercised when there is an adequate remedy at law. State v. Singletary, 153 N.J. Super. 505, 516 (Law Div. 1977).
In the present case the purchaser's remedy can be found at law and more specifically in the statutory remedies of the Code. Although the effect of revocation of acceptance may be identical to that of rescission previously provided in equity only, the county district court's jurisdiction to hear "every action of a civil nature at law, other than a proceeding in lieu of a prerogative writ," encompasses the power to hear cases under the Code and to impose remedies which have been statutorily authorized.
In Vineland Shopping Center, Inc. v. DeMarco, supra, the Supreme Court said that one of the principal evils leading to the judicial reforms of the 1947 Constitution was the shuttling of suits between law and equity. Although the county district court still has no jurisdiction to hear matters in which the principal relief demanded in the complaint is equitable, it does have the power to grant such relief as is authorized by statute. Indeed, such relief is not truly "equitable" in the sense that the court is not "doing in good conscience what ought to be done," *243 but has done that which is required by the Legislature. Carroll v. DeMartini, 19 N.J. Super. 136, 144 (Ch.Div. 1952).
N.J.S.A. 12A:2-608 requires the court to make specific findings of fact before the remedy of revocation of acceptance is triggered. This remedy will only be available upon a showing that the conditions of 2-608 have been fulfilled. Since the remedy of revocation under the Code is restricted and limited in its application by statute, it would be improper to characterize an action seeking that remedy as equitable in the jurisdictional sense. This Court finds that where a plaintiff purchases an automobile from a seller and brings an action to revoke his acceptance of the automobile under N.J.S.A. 12A:2-608, the action is properly characterized as an action at law and is within the jurisdiction of the county district courts. N.J.S.A. 2A:6-34.
NOTES
[1] N.J.S.A. 12A:1-103 provides that "[u]nless displaced by the particular provisions of this Act, the principles of law and equity ... shall supplement its provisions." Ordinarily, rescission as an equitable remedy at common law could be said to be a remedy under the Code. However, the intent of the Code is to eliminate the ambiguous nature of rescission and replace it with the statutory remedies of rejection and revocation of acceptance. See Uniform Commercial Code Comment, Comment 1, and New Jersey Study Comment, Comments 1 and 2, N.J.S.A. 12A:2-608.

These comments also point out that § 2-608 is intended to perform the same general function as rescission did under the appropriate sections of the Uniform Sales Act.
[2] See, also, Ventura v. Ford Motor Corp., 173 N.J. Super. 501 (Ch.Div. 1980), where the same trial court speaks of "rescission under the Uniform Commercial Code, N.J.S.A. 12A:2-711."