NOICE, APPELLANT, *v.* PAUL'S MARINE & CAMPING CENTER, INC. ET AL., APPELLEES.

(No. 81AP-949—Decided May 4, 1982.)

Messrs. *Townsend & Newton* and *Mr. Ronald L. Solove,* for appellant.

Messrs. *Frost, Freytag & Hunter, Mr. Robert E. Frost* and *Mr. Thomas D. Hunter,* for appellee Paul's Marine & Camping Center, Inc.

Messrs. *Earl & Warburton* and *Mr. Ted L. Earl,* for appellee All Season Industries.

Messrs. *Kincaid, Palmer & Randall, Mr. David F. Carruthers* and *Mr. Edward F. Chuha,* for appellee BancOhio National Bank.

WHITESIDE, P.J. Plaintiff appeals from a judgment of the Franklin County Municipal Court directing a verdict for defendants at the conclusion of plaintiff's case in a jury trial and raises two assignments of error, as follows:

"1. The court below erred in its dismissal of appellant's claims for relief because appellant had submitted evidence upon all determinative issues such that reasonable minds could come to a conclusion in favor of appellant.

"2. The court below erred in its refusal to permit the introduction of competent evidence by the appellant, substantially affecting appellant's rights."

Plaintiff bought a fiberglass boat manufactured by defendant All Season Industries (All Season), together with a motor and trailer, from defendant Paul's Marine & Camping Center, Inc. (Paul's Marine & Camping) in June 1978. The transaction was financed by a discount note and security agreement, which was anticipated to be and was immediately assigned to defendant BancOhio National Bank (BancOhio) by defendant Paul's Marine & Camping.

No defects were noted in the boat at the time of delivery, and plaintiff used the boat during the entire summer of 1978. During that summer, however, plaintiff noticed cracking in the Gelcoat on top of the boat and contacted defendant Paul's Marine & Camping and was told to bring the boat back during the winter when it would be taken care of. Plaintiff stored his boat with defendant Paul's Marine & Camping during that winter and picked it up in the spring, the Gelcoat cracking having been repaired. However, when he took the boat to Lake Erie in June 1979, it started leaking the first day of use. Upon examination, plaintiff found three hairline cracks in the front part of the hull below the waterline. He contacted the president of defendant Paul's Marine & Camping and was advised to have temporary repairs made and then bring the boat back for permanent repairs. Plaintiff did so and got the boat back, presumably repaired, in October of the same year. Plaintiff returned to Lake Erie with the boat, but it leaked again. Upon examination, plaintiff observed either the same or similar hairline cracks in the same vicinity. Plaintiff testified that at no time had he, or anyone to his knowledge, damaged the boat, nor had it struck anything.

The president of Paul's Marine &

Camping gave testimony essentially similar to that of plaintiff. He further testified that he "felt that it might be a factory problem at this point, a factory repair potential." Other testimony was stricken by the trial court to the effect that he felt "that perhaps a stringer or something internal was pushing out on the floor out on the hull of the boat." He also testified that cracks of this nature are not common in fiberglass boats.

Defendant Paul's Marine & Camping did return the boat to the factory, which purported to have repaired it but wanted payment in the amount of $250 before releasing the boat. At this point, in the spring of 1980, plaintiff sent a notice of revocation of acceptance to all defendants. He thereupon brought this action, seeking to recover the amount he paid for the boat, including finance charges.

The trial court sustained defendants' motions for a directed verdict at the conclusion of plaintiff's case because of insufficiency of the evidence to prove the nonconformity or defect existed at the time of sale and to exclude any and all actions of plaintiff as being the cause of the cracks in the boat.

In considering a motion for a directed verdict in a jury trial, the trial court must construe the evidence most strongly in favor of plaintiff. Civ. R. 50(A). This requires that all reasonable inferences favoring plaintiff's position be made even though there may be other reasonable inferences not favoring plaintiff's position.

As to exclusion of any fault on the part of plaintiff which might have caused the hairline cracks after delivery to him, reasonable minds could conclude that plaintiff was not at fault when the evidence is construed most strongly in plaintiff's favor. In fact, if plaintiff's testimony is believed by the trier of the facts, no other conclusion reasonably could be reached except that plaintiff had done nothing which could have caused the cracks in the boat. Plaintiff did not, on the other hand, exclude the possibility of some act on the part of defendant Paul's Marine & Camping during storage over the winter or while making the repairs to the Gelcoat on top of the boat, which could have resulted in the cracks. However, construing the evidence most strongly in plaintiff's favor at this stage of the case, reasonable minds could conclude that no such damage had occurred. At least, there is no evidence of abuse or misuse of the boat by defendant Paul's Marine & Camping over the winter of 1978-79.

There was direct evidence that cracks of this nature are not common in fiberglass boats. While there was no direct evidence as to the cause of such cracks, most assuredly, it is a matter of common knowledge that boats are not supposed to leak, but that, if the hull is cracked, a boat will leak. Accordingly, it is reasonable to infer that a fiberglass boat is not designed so as to have cracks that permit the seepage of water into the boat while in use. Such cracks, therefore, constitute a defect or nonconformity in the boat. Such a defect or nonconformity can exist either from a traumatic injury to the boat or from some type of design defect. There is no evidence of any traumatic injury to the boat that could have caused the hairline cracks.

Accordingly, construing the evidence most strongly in favor of plaintiff, reasonable minds could conclude that the hairline cracks were the result of a defect in the boat which existed at the time of sale, but which manifested itself only after some use. In other words, assuming no traumatic injury to the boat, it would be reasonable for the trier of the facts to conclude that the boat was not designed for the hull to crack after one summer's use. In fact, defendant All Season has not contended, and we doubt that it will, that its fiberglass boat is designed for the hull to crack after one summer's use, or that the user of a boat should anticipate or expect such cracking after such limited use. Since there was evidence that such cracking is not common, it may be inferred that

the cracking resulted from a defect or nonconformity where there is evidence of no traumatic injury, and when the evidence is construed most strongly in favor of the plaintiff. Accordingly, the trial court erred in directing a verdict upon the basis that plaintiff had adduced insufficient evidence.

Plaintiff's action is predicated upon R.C. 1302.66, which provides for revocation of acceptance under some circumstances within a reasonable time after discovery of the ground for revocation and reads as follows:

"(A) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it:

"(1) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

"(2) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

"(B) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

"(C) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them."

Assuming there to be a nonconformity, plaintiff did not discover the nonconformity until June 1979. There is evidence permitting a finding that such discovery would be difficult before acceptance. Whether or not plaintiff acted within a reasonable time after discovery presents a factual issue under the circumstances of this case. There is also evidence from which it may be found that the defect substantially impairs the value of the boat to plaintiff, including the fact that he was

unable to use it for most, if not all, of the summer of 1979, and the boat still has not been returned to him.

Accordingly, the trial court erred in directing a verdict in favor of defendant Paul's Marine & Camping, the seller of the boat. In addition to the foregoing, the president of defendant Paul's Marine & Camping testified that it had undertaken to repair the boat on several occasions with the apparent understanding that the cracking was a result of a defect in the boat. At least, said defendant never at any time suggested to plaintiff that the cracking might be the result of anything other than a defect or nonconformity.

A different issue, however, is presented with respect to the manufacturer of the boat, defendant All Season. Plaintiff, concededly, has not attempted to assert a claim for breach of warranty against defendant All Season. Rather, plaintiff's claim is predicated upon his revocation of acceptance of the boat and accessories because of the nonconformity, which allegedly was not cured within a reasonable time. Such revocation of acceptance, however, does not create for plaintiff a claim for relief against the manufacturer of the goods, acceptance of which has been revoked. Rather, plaintiff is placed in the same position as if he had rejected the goods at the time of initial delivery. This creates a claim for relief against the seller of the goods but not against the manufacturer. Accordingly, the trial court did not err insofar as it directed a verdict in favor of defendant All Season.

Also, a different issue is presented with respect to defendant BancOhio, upon whose counterclaim the trial court granted judgment against plaintiff in the amount of the unpaid balance of the note and security agreement plus interest, the amount stated in the judgment entry being an apparent clerical error. As indicated on the face of the note and security agreement, plaintiff is entitled to assert against the holder of the instru-

ment all claims and defenses which he may have against defendant Paul's Marine & Camping. Accordingly, defendant BancOhio is not entitled to its judgment upon its counterclaim if plaintiff is entitled to a judgment upon his complaint. Therefore, the trial court erred in entering that judgment as a corollary to the directing of a verdict in favor of said defendant. Accordingly, the first assignment of error is well-taken with respect to plaintiff's claim as against defendant Paul's Marine & Camping, and defendant BancOhio, but is not well-taken with respect to plaintiff's claim against defendant All Season.

The second assignment of error pertains to the trial court's striking opinion testimony by the president of defendant Paul's Marine & Camping that the breaking might be caused by a stringer or something internal pushing out on the hull of the boat. The objection was made by counsel for defendant All Season. As to said defendant, the testimony was not admissible unless a clear foundation had been laid. While plaintiff contends that it was admissible as against Paul's Camping & Marine, it was not called to the attention of the trial court at the time. On the other hand, there was other evidence indicating a similar belief by the witness. The trial court sustained the objection upon the basis that insufficient foundation had been laid for expertise of the witness. While there was some evidence as to the experience of the president of defendant Paul's Marine & Camping, it was not extensive enough that the trial court would abuse its discretion in finding that insufficient expertise had been demonstrated. As to what plaintiff contends was the purpose of the testimony, any error is not prejudicial both because plaintiff did not specifically call this to the attention of the trial court and because other evidence clearly demonstrates that the witness believed the cracks resulted from a defect in the boat itself. No prejudicial error having been demonstrated, the second assignment of error is not well-taken.

For the foregoing reasons, the second assignment of error is overruled; and the first assignment of error is overruled as to defendant All Season but is sustained as to the other defendants; and the judgment of the Franklin County Municipal Court is reversed; and this cause is remanded to that court with instructions to grant an interlocutory judgment in favor of defendant All Season [see Civ. R. 54(B)] and to grant plaintiff a new trial as against the remaining defendants.

*Judgment reversed and
cause remanded with instructions.*

MCCORMAC and MOYER, JJ., concur.