OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.  The
advance sheets to Ohio St.3d will also contain the volume and
page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Aluminum Line Products Company, Appellant and Cross-Appellee, v.
Rolls-Royce Motors, Inc. et al., Appellees and Cross-Appellants.
[Cite as Aluminum Line Prod. Co. v. Rolls-Royce Motors, Inc.
(1993),       Ohio St.3d      .]
Sales -- Nonconforming goods -- Revocation of acceptance -- R.C.
     1302.66, applied
     (No. 92-1093 -- Submitted April 27, 1993 -- Decided June 30,
1993).
     Appeal and Cross-Appeal from the Court of Appeals for
Cuyahoga County, No. 59790.
     On November 16, 1982, Kenneth Wessel, on behalf of appellant
and cross-appellee, Aluminum Line Products Company ("Aluminum
Line"), purchased a new 1982 Rolls-Royce Silver Spur automobile
("the vehicle") from appellee and cross-appellant, Qua Buick,
Inc. ("Qua Buick").  The purchase price of the vehicle, $95,318,
was paid in full at the time of delivery.  Aluminum Line received
the "Rolls-Royce Motors Limited Warranty" when it purchased the
vehicle.
     On October 29, 1985, Aluminum Line sent a letter to appellee
and cross-appellant, Rolls-Royce Motors, Inc. ("Rolls-Royce").
The letter set forth seventeen recurring and unremedied problems
Aluminum Line had experienced with the vehicle.  Aluminum Line
demanded a "recall" of the vehicle and requested a "disposition"
of the car.  Aluminum Line then placed the vehicle into storage.
     Aluminum Line filed a complaint against Rolls-Royce and Qua
Buick on April 4, 1986, seeking to rescind the purchase contract
and asking for total damages of $161,318.  The complaint was
subsequently amended to include breach-of-warranty claims, a
request for attorney fees and interest.
     A trial to the court was held February 22, 1990.  On April
12, 1990, the trial court submitted findings of fact and
conclusions of law.  The trial court held that the Rolls-Royce
warranty defined the relief to which Aluminum Line was entitled
and that the warranty had not failed in its essential purpose.
The court also found that Rolls-Royce and Qua Buick did not
breach the implied warranty of merchantability.  Additionally, it
held that Aluminum Line's complaint did not state a cause of
action for revocation of acceptance and, in the alternative, the

facts of the case did not support such a claim. Finally, the trial court rejected Aluminum Line's claim for attorney fees under the Magnuson-Moss Act.

In reversing in part and remanding the trial court's decision, the court of appeals held that Aluminum Line had been deprived of the benefits of the limited warranty and that the warranty failed in its essential purpose. The appellate court affirmed the trial court's finding that a claim for rescission was not equivalent to a plea for revocation of acceptance, but did not review the lower court's determination that Aluminum Line's alleged revocation was unjustifiable. The court also held that Aluminum Line should be awarded attorney fees under Magnuson-Moss and that Aluminum Line failed to present evidence with reasonable certainty on the issue of damages.

The cause is now before this court pursuant to the allowance of a motion and cross-motion to certify the record.

Spangenberg, Shibley, Traci & Lancione, Peter H. Weinberger and Dennis R. Lansdowne, for appellant and cross-appellee.

Hahn, Loeser & Parks, David C. Weiner and R. Steven DeGeorge, for appellees and cross-appellants.

Alice Robie Resnick, J. Aluminum Line's appeal raises one issue for our determination. As the purchaser of an allegedly defective vehicle, Aluminum Line urges us to hold that a plea for rescission is essentially equivalent to a request to revoke acceptance.

Aluminum Line's original complaint was filed April 4, 1986 ("1986 complaint"). Paragraph eight of the complaint states: "Plaintiff hereby seeks to recind [sic] the contract for the purchase of the 1982 Rolls-Royce Silver Spur." Aluminum Line filed a motion for leave to file an amended complaint instanter ("1989 complaint"), which motion was granted on March 6, 1989.

The 1989 complaint set forth six additional claims for relief. Paragraph twelve of Count I states: "Plaintiff is ready to return to Defendants the Silver Spur, in return for the purchase price and the damages suffered by Plaintiff." For relief, Aluminum Line requested, inter alia: "An order of rescission of the purchase and sale between the parties."

The incompleteness of the record makes it difficult to determine what transpired in this case over the next nine months. The record indicates that a pretrial hearing was conducted in December 1989. Apparently, as a result, on January 24, 1990, Aluminum Line filed another amended complaint ("1990 complaint"). The 1990 complaint sets forth three counts against Rolls-Royce and Qua Buick and requests "judgment," in part, for: "An order of rescission of the purchase and sale between the parties."

In its findings of fact and conclusions of law, the trial court concluded: "12. Even if Aluminum Line had stated a claim for revocation of acceptance,3 the facts of this case do not support such a claim. * * *"

The court's footnote 3 states: "The Amended Complaint does not state a cause of action for revocation of acceptance. The Amended Complaint states three claims: breach of express warranty; breach of the implied warranty of merchantability; and a claim for attorney's fees under the Magnuson-Moss Act."

The court of appeals agreed with the trial court and held: "Since the purpose behind Civ.R. 8(A) is to give notice to a defending party of the plaintiff's cause of action, the trial court properly found that Aluminum Line did not state a cause of action for revocation of acceptance."

Our analysis of the facts and circumstances of this case leads us to a different conclusion. We find that in the pleadings and during the course of this litigation, Aluminum Line clearly expressed its desire to revoke acceptance of the vehicle.

The phrase "revocation of acceptance" has been mischaracterized by the parties as a cause of action or a court-ordered remedy. Technically, it is neither. Pursuant to R.C. 1302.66, a buyer who has accepted a lot or a commercial unit has the option of revoking acceptance of the lot or unit if certain conditions are present. Revocation of acceptance is a buyer's self-help remedy with many of the same procedural characteristics as rejection. A buyer who justifiably revokes acceptance is accorded the same rights and duties with regard to the goods as if the goods were rejected. R.C. 1302.66(C).

R.C. 1302.66 is the Ohio codification of UCC 2-608, and provides:

"(A) The buyer may revoke his acceptance of a lot or commerical unit whose non-conformity substantially impairs its value to him if he has accepted it:

"(1) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

"(2) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

"(B) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

"(C) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them."

We find that Aluminum Line satisfied the initial requirement of R.C. 1302.66(B) by providing written notification to Rolls-Royce and Qua Buick of its desire to revoke acceptance of the vehicle. The October 29, 1985 letter, a copy of which it appears was sent to Stephen Qua of Qua Buick, stated, in relevant part: "I have no recourse but to ask for the TOTAL recall and disposition of this motor car." At that point, in view of the fact that Rolls-Royce and Qua Buick apparently refused Aluminum Line's demand for a return of the purchase price, the unresolved issue became whether Aluminum Line had a right to revoke its acceptance.

It is unmistakable that Rolls-Royce1 and Qua Buick were aware from the inception of this litigation that Aluminum Line sought to revoke acceptance of the vehicle. Further, when the 1989 and 1990 amended complaints were filed, the new filings did not obliterate the 1985 letter. Its request to revoke acceptance was continuously before the trial court based on the 1985 notification letter and its other pleadings.

Further, the contention that Aluminum Line did not seek to revoke its acceptance at any point during these proceedings is contrary to one of the arguments submitted by Rolls-Royce and Qua

Buick supporting their motion to dismiss the 1989 complaint. This memorandum, filed May 8, 1989, stated: "By its original Complaint * * *, Aluminum Line sought only to revoke its acceptance of the Car and recover various incidental damages on the sole alleged ground that the Car is defective." (Emphasis added, footnote omitted.)

Notwithstanding the foregoing, we recognize that Aluminum Line's repeated use of the word "rescission" served to cloud the lower courts' analyses of this case. The lower courts apparently concluded that a complaint that asks for rescission and fails to allege the elements of revocation of acceptance does not create an actionable claim. We disagree.

First, we find that Rolls-Royce's and Qua Buick's characterization of the pleadings as a mere prayer for rescission is misleading. By letter, Aluminum Line, in October 1985, asked to revoke its acceptance of the vehicle. From that point forward, regardless of the language used by Aluminum Line, its desire to return the vehicle was clear.

Further, the fact that Aluminum Line requested "rescission" of the contract is not, under these facts and circumstances, a fatal flaw. Aluminum Line paid for the car in full at the time of purchase, i.e., its contractual obligation was fully performed. Pursuant to the contract, in exhange for the purchase price, Aluminum Line was to receive the vehicle it expected. The rescission requested was, therefore, analogous to a request for revocation--Aluminum Line would return the car; Qua Buick would return the purchase price.

Official Comment 1 to UCC 2-608 (R.C. 1302.66) states: "Although the prior basic policy is continued, the buyer is no longer required to elect between revocation of acceptance and recovery of damages for breach. Both are now available to him. The non-alternative character of the two remedies is stressed by the terms used in the present section. The section no longer speaks of 'rescission,' a term capable of ambiguous application either to transfer of title to the goods or to the contract of sale and susceptible also of confusion with cancellation for cause of an executed or executory portion of the contract. The remedy under this section is instead referred to simply as 'revocation of acceptance' of goods tendered under a contract for sale and involves no suggestion of 'election' of any sort."

In other words, in 1962 when this section of the Uniform Commercial Code became the law of Ohio via R.C. 1302.66, an aggrieved buyer who had already accepted nonconforming goods was no longer required to invoke the generally equitable remedy of rescission. A buyer could follow the distinct course of action known as revocation of acceptance and was not forced to elect between rescinding the contract and seeking damages. Quite clearly, cancellation of the sales contract is a remedy for a buyer who has justifiably revoked acceptance.

Several jurisdictions have followed the trend of displacing the concept of rescission with a more inclusive provision allowing revocation of acceptance. See, e.g., Sudol v. Rudy Papa Motors (1980), 175 N.J.Super. 238, 417 A.2d 1133; Conte v. Dwan Lincoln-Mercury, Inc. (1976), 172 Conn. 112, 374 A.2d 144; and Peckham v. Larsen Chevrolet-Buick-Oldsmobile, Inc. (1978), 99 Idaho 675, 587 P.2d 816.

In the case before us, we find Aluminum Line sought to

revoke acceptance of the vehicle.  It also expressly sought to rescind the sales contract it executed with Qua Buick.  We hold that under such facts and circumstances, Aluminum Line's request for rescission and the revocation of acceptance amounted to the same thing.

In light of our disposition of this issue, we have determined that any action by this court on the cross-appeal would be premature.  The court of appeals' holding that Aluminum Line did not properly establish a claim for revocation of acceptance is reversed and this matter is remanded to the appellate court for a thorough review of the record and an evaluation of the propriety of the trial court's determination that such revocation was unjustifiable.

> Judgment reversed
> and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., dissents.

FOOTNOTE:
1    Generally, the cases hold that a buyer may revoke acceptance of goods only as against his or her own seller.  See, e.g., Noice v. Paul's Marine & Camping Ctr., Inc. (1982), 5 Ohio App.3d 232, 5 OBR 518, 451 N.E.2d 528.  There are exceptions to this rule; however, given the present posture of this case, it is unnecessary for us to reach this issue at this time.