OPINION
Plaintiff-appellant, Gloria Davenport, appeals a decision by the Butler County Court of Common Pleas. The court found that appellant could not rescind her contract with defendant-appellee, Score Automotive, Inc., because she improperly revoked acceptance of a vehicle she had purchased from appellee, and appellee did not violate the Consumer Sales Practices Act. We affirm.
Appellant purchased a 1994 Dodge Intrepid from appellee on January 24, 1994. Due to safety problems with the car, appellee replaced the vehicle with another Dodge Intrepid on March 23, 1994. When the new Intrepid ("vehicle") was delivered to appellant, the vehicle had been driven a total of forty-nine miles.
Starting in April 1994, appellant claims that the vehicle began to have various mechanical problems. Each time the vehicle had a problem, appellant took the vehicle to appellee for repair. Many of the items that were repaired were covered by the new car warranty from Chrysler Corporation, with the cost of the repair being charged to Chrysler Corporation.
Appellant testified that in April 1995, appellee replaced the fuel lines on the vehicle. Appellant claims that this work was needed because appellee had previously improperly repaired the vehicle. Shortly afterwards, appellant testified that she told Howard Bowe, appellee's service director that:
 I have had enough. I have had enough risk in my life and my kids' life in this car. I want a new car. I bought and paid for a new car and I want a new car.
Appellee's work order dated April 3, 1995 showed the vehicle's odometer reading as 31,892 miles.
After appellant's conversation with Bowe, appellant continued to use the vehicle. Appellant's attorney sent a letter to appellee dated July 5, 1995, which stated in part:
 Pursuant to Ohio Revised Code Sec. 1302.66(A)(1), [appellant] hereby revokes her acceptance of the above-described vehicle for the reason that various non-conformities inherent in said vehicle substantially impairs its value to her, notwithstanding her prior acceptance of the vehicle.
At the time of the letter, the vehicle had been driven in excess of 40,000 miles.
In a complaint filed on November 2, 1995, appellant claimed that she properly revoked her acceptance of the vehicle. Appellant also claimed that appellee knowingly engaged in unfair, deceptive, and unconscionable consumer sales practices pursuant to R.C. 1345.02 and 1345.03. Appellant asked the court to rescind the contract and order appellee to refund all payments appellant had made for the vehicle.
On February 7, 1997, the trial court held that revocation of acceptance under R.C. 1302.66 was unavailable as a remedy to appellant because "there had been a substantial change in the automobile at that time [the time of appellant's revocation] by virtue of the mileage." The court also found that there was "insufficient credible evidence to substantiate the allegation of violations" under the Consumer Sales Practices Act contained in R.C. Chapter 1345. The court also noted that at the time of the trial, the vehicle had been driven by appellant and her husband in excess of 90,000 miles. Appellant appeals the trial court's decision and presents two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN HOLDING THAT APPELLEE WAS NOT LIABLE TO APPELLANT UNDER R.C. 1302, GOVERNING SALES OF GOODS.
Appellant argues that she was entitled to revoke her acceptance of the vehicle because of appellee's breach of express and implied warranties concerning the vehicle. Appellant claims that the trial court erred in finding that appellant could not revoke acceptance of the vehicle because of substantial changes in the condition of the vehicle.
Revocation of acceptance is a buyer's self-help remedy with many of the same procedural characteristics as rejection. Aluminum Line Products Co. v. Rolls-Royce Motors, Inc. (1993),66 Ohio St.3d 539, 541. A trial court's decision concerning whether a party has rightfully revoked acceptance of non-conforming goods pursuant to R.C. 1302.66 will be upheld if the judgment is supported by some competent, credible evidence going to all the essential elements of the case. The Ball Works v. Lima Lawnmower, Inc. (June 27, 1997), Lucas App. No. L-96-237, unreported, at 9, 15, following Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80.
In order to recover under R.C. 1302.66, it is essential that a buyer establish each element of R.C. 1302.66(B). Aluminum Line Products Co. v. Rolls-Royce Motors, Inc. (1994) 98 Ohio App.3d 759,762.[1]
 The party must, therefore, demonstrate that the revocation occurred (1) within a reasonable time, (2) before any substantial change in condition, and (3) after giving notice to the seller.
Id.
In the present case, the trial court found that appellant was not entitled to revoke acceptance of the vehicle pursuant to R.C.1302.66 because there had been a substantial change in the automobile by virtue of the mileage. "Substantial change in condition" refers to material or physical deterioration, and not to depreciation in market value. Saltzburg v. Malone (Oct. 30, 1986), Cuyahoga App. No. 51224, unreported, at 9.
A review of the record shows that appellant testified that on April 3, 1995, she orally revoked acceptance of the vehicle because she "considered this vehicle dangerous and unsafe and unreliable." At that time, almost all of the vehicle's 31,892 miles were driven while it was in the possession of appellant. When appellant attempted to revoke acceptance by letter on July 5, 1995, the car had been driven in excess of 40,000 miles. Bob Smith, the owner of Score Automotive, testified that a vehicle with 40,000 miles would usually need to have the tires replaced, new brakes, and that other maintenance items would be "getting closer and closer together."
After having reviewed the record, we find that the trial court's determination that revocation of acceptance was not an available remedy for appellant because a substantial change had occurred in the vehicle is supported by competent and credible evidence. Smith's testimony established that a vehicle driven for 40,000 miles would have substantially changed because of the material and/or physical deterioration of the vehicle. Further, appellant's continued use of the vehicle after the attempted revocation of acceptance may have been unreasonable because the record shows that: (1) appellant could have used other vehicles in her household; (2) the trial court found that appellee acted in good faith; and (3) appellant's continued use (an additional 50,000 miles added to the vehicle after the attempted revocation of acceptance) unduly prejudiced appellee.[2] See Aluminum Line Products Co., 98 Ohio App.3d at 764. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN HOLDING THAT APPELLEE WAS NOT LIABLE TO APPELLANT UNDER R.C. 1345, GOVERNING CONSUMER SALES PRACTICES.
Appellant claims that the trial court erred in not finding that appellee committed unfair, deceptive and unconscionable acts as outlined in R.C. 1345.02 and 1345.03. Appellant argues that she was entitled to rescind the purchase of the vehicle because of appellee's acts.
R.C. 1345.09 outlines how a consumer may rescind a transaction if the seller's actions violate R.C. 1345.02 or 1345.03. R.C.1345.09(A) and (B). R.C. 1345.09(C) provides that rescission is not a proper remedy where there has been a substantial change in the subject of the consumer transaction. Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 224. R.C. 1345.09(C) states:
 In any action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it and before any substantial change in condition of the subject matter of the consumer transaction.
When comparing R.C. 1345.09(C), discussed above with respect to the first assignment of error, to 1302.66(B), Ohio courts have found that the standard of a "substantial change in the condition" of the goods in the two statutes is similar. Frey v. Vin Devers, Inc. (1992), 80 Ohio App.3d 1, 8.
We have already found that the trial court's finding that, pursuant to R.C. 1302.66(B), a substantial change had occurred in the vehicle was supported by competent and credible evidence. We also find that, pursuant to R.C. 1345.09(C), rescission was not a proper remedy because a substantial change had occurred in the condition of the vehicle. It would not be logical for us to hold that a substantial change had occurred in the condition of the vehicle pursuant to R.C. 1302.66(B), and also hold that a substantial change had not occurred in the condition of the vehicle pursuant to R.C. 1345.09(C). Accordingly, we overrule appellant's second assignment of error.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] R.C. 1302.66(B) states:
 (B) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
[2] Smith, the owner of Score Automotive, commenting on the marketability of appellant's car, testified that he "wouldn't look at a car at the auction" with 90,000 miles, and that he sells "nothing on the lot over 75,000 miles."