**VOLVO OF AMERICA CORPORATION,**
and Volvo Capitol, Inc., Appellants,

v.

**J. K. WELLS, and Volkswagen of
Huntington, Inc., Appellees.**

Court of Appeals of Kentucky.

May 27, 1977.

Gregory L. Monge, Vanantwerp, Hughes,
Monge & Jones, Ashland, for appellants.

John V. Porter, Michael J. Schmitt, Wells, Porter & Schmitt, Paintsville, for J. K. Wells.

S. H. Johnson, Paintsville, for Volkswagen.

Before HOWARD, LESTER and PARK, JJ.

HOWARD, Judge.

This is a suit for revocation of acceptance and/or breach of warranty in regard to the purchase of a new Volvo automobile by the appellee, J. K. Wells. On January 18, 1975, the plaintiff purchased from the defendant, Volkswagen of Huntington, Incorporated, one 1974 Volvo automobile. The purchase was made at the dealer's place of business in Huntington, West Virginia, but the Volvo was delivered to the plaintiff-appellee in Paintsville, Kentucky, where the bill of sale was also delivered and the plaintiff-appellee delivered his trade-in which was a 1974 Oldsmobile Cutlass and his bill of sale.

The proof is uncontradicted that the plaintiff-appellee had considerable trouble with the vehicle which developed the habit of completely stalling on high speed highways without any warning to the plaintiff-appellee. This happened on several occasions and the testimony of the plaintiff-appellee and his wife are very graphic as to the danger and difficulty they encountered because of the failure of this vehicle to perform. The car was taken back to the dealer on several occasions and the testimony shows that there was a defective computer control and electronic and electrical ignition system which caused the motor to die or stall and it would take from one-half (½) hour to a couple of hours for the vehicle to cool off and start again. On the occasions that the vehicle was taken in the plaintiff-appellee was assured that the new parts would remedy the situation, but he continued to have trouble. Within a reasonable time, Wells returned the vehicle to the dealer and demanded a return of the purchase price.

The suit was brought and a trial by jury had resulted in a verdict for the plaintiff-appellee for the purchase price and a directed verdict in favor of the defendant-appellee, Volkswagen of Huntington, Incorporated, on its plea for indemnity. To the finding of the jury and court on all these matters the defendant-appellants hereby appeal complaining of these errors:

(1) That the Johnson Circuit Court did not have jurisdiction under the long arm statute of Kentucky of the defendants-appellants.

(2) That the Court should have ruled that the implied warranties were properly disclaimed.

(3) That the Court was in error in directing a verdict for the dealer on its plea of indemnity.

The *Kentucky Revised Statutes* Section 454.210 is the so called long arm statute in Kentucky. Subsection 5 reads as follows:

Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by the goods in this Commonwealth if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth.

The defendants-appellants claim that this statute is not sufficiently broad to give the Johnson Circuit Court in personam jurisdiction or, if so, that same is not constitutional. We disagree with this contention since the evidence shows that these companies handle the manufacturing and distribution of Volvo automobiles in the United States of America. Although this particular automobile was bought from a dealer in Huntington, West Virginia, it is not unreasonable to require the Volvo companies to be responsible for their product after the product enters the main stream of commerce. It must be assumed that these defendants-appellants knew or should have known that the vehicles they shipped to this particular dealer in Huntington, West Virginia, would be likely to end up being

owned and driven by citizens and residents of the state of Kentucky, the state of Ohio, as well as West Virginia, since Huntington is the commercial center of the tri-state area of these three (3) states. Furthermore, the record shows that Volvo advertises in the state of Kentucky. Also, Volvo states in its driver's manual that its dealers are authorized to service Volvos anywhere in the country, including dealerships in Kentucky. This is sufficient to qualify for in personam jurisdiction under the phrase in the statute . . . "if he also regularly does or solicits business . . ." and . . . "engages in any other persistent course of conduct". Although there was no direct evidence in the record, it must be assumed that Volvo derived substantial profits from the sale of Volvo automobiles in the state of Kentucky.

As to the constitutionality of this particular statute in regards to this case we feel that the trial court was correct on this issue. In the case of *Eyerly Aircraft Company v. Killian*, 414 F.2d 591 (1969) the Fifth Circuit upheld the Texas long arm statute in a suit where a child was injured at a carnival on a ride manufactured by Eyerly Aircraft Company in Oregon and sold in Chicago. The Company had no direct contact with the state of Texas. The Court held that considering the manufacturer had reason to know or expect that its product would be brought into the state of Texas that it was sufficient to support the Texas long arm jurisdiction over the manufacturer. In this Opinion it is stated that "What is essential in each case is that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus involving the benefits and protections of its laws." The Court further stated that this result (upholding in personam jurisdiction) obtains where the manufacturer has elected to distribute his wares through independent wholesalers instead of through its own corporate apparatus so that it is only very indirectly responsible for the product reaching the injured consumer. The present trend is to take the next logical step and hold that a corporation is answerable where it introduces its product into the stream of interstate commerce if it had reason to know or expect that its product would be brought into the state where an injury occurred. Also it is stated "where a defendant does business of such volume or with such a pattern of product distribution, that he should reasonably anticipate that his product may be ultimately used in any state, he has done the act required for the exercise of jurisdiction by the state where the injured user resides." Furthermore, the court citing *Keckler v. Brookwood Country Club*, 248 F.Supp. 645, 649 (N.D.Ill.1965) states:

> "When a manufacturer voluntarily chooses to sell his product in a way in which it will be resold from dealer to dealer, transferred from hand to hand and transported from state to state, he cannot reasonably claim that he is surprised at being held to answer in any state for the damage the product causes. Nor can he deny the substantial interest of the injured person's state in providing a convenient forum for its citizens.

It was not unreasonable for the trial court to hold that the section of the statute above quoted applied to the defendants-appellants in this case. If the contentions of the defendants-appellants in this case were upheld there would be no way that you could have a products liability case or breach of warranty case brought in any state except where the manufacturer or distributor of the product had its place of business. Certainly that would be an illogical and unfair doctrine and contrary to the trend of the federal cases on this particular point.

Secondly, it is complained that the warranties other than the expressed warranties were disclaimed by the wording of the warranty booklet. On page 8 of the warranty booklet which was introduced in evidence there is a disclaimer which is in slightly different print than the other provisions and printing on the warranty manual. However, it is very difficult to ascertain this difference and it is certainly

not a bold print or an enlarged print of the disclaimer as we believe was contemplated by the decisions in the cases of *Massey-Ferguson, Inc. v. Utley*, Ky., 439 S.W.2d 57 (1969) and *Childers & Venters, Inc. v. Sowards*, Ky., 460 S.W.2d 343 (1970). Therefore, the trial court was correct in overruling the motion for directed verdict on this particular point made by the defendants-appellants in this case. It is true that in cases of rescission or revocation of acceptance that the buyer's remedy is against the seller, but Volvo would be liable for damages for breach of warranty. *Voytovich v. Bangor Putna Operations*, 494 F.2d 1208 (Sixth Circuit 1974); *Conte v. Dawn Lincoln Mercury*, 374 A.2d 144 (Conn.Supreme Court 1976). Volvo does not argue that the instruction on measure of damages is erroneous. It allowed the jury to find for Wells for recovery of the sale price and expenses against all the defendants. No objection to this instruction is noted in the record, and therefore Volvo is bound by it. *Duo-Therm Div., Motor Wheel Corp. v. Sheergrain, Inc.*, Ky., 504 S.W.2d 689. As the dealer was entitled to indemnity as discussed below, the result would have been the same as far as Volvo is concerned.

Thirdly, the defendants-appellants complain of the directed verdict against them on the question of indemnity. The trial court sustained the motion of the dealer who was a defendant, namely Volkswagen of Huntington, Incorporated, for indemnity against these defendants-appellants as there was no evidence of any failure on the part of the dealer which would have contributed to the difficulty encountered in the operation of this automobile. The evidence shows that all the problems involved were the result of defective parts and the dealer was forbidden by the manufacturer from making repairs on these. It merely replaced these parts. The evidence was clear that .the dealer had made attempts to remedy all the problems encountered by Mr. Wells and had loaned him a car at its expense while the Volvo was being repaired. There was a joint judgment against all the defendants including Volkswagen of Huntington, Incorporated,

in favor of Mr. Wells, and the plea for indemnity was properly made and we believe under the evidence that the trial court made the right decision. *Kroger Company v. Bowman*, Ky., 411 S.W.2d 339 (1967), *Brown Hotel Company v. Pittsburgh Fuel Company*, 311 Ky. 396, 224 S.W.2d 165 (1949), *Liberty Mutual Insurance Company v. Louisville & Nashville Railroad Company*, Ky., 455 S.W.2d 537 (1970).

The judgment of the trial court is affirmed.

All concur.