VSEA (Health Care) v. STATE of Vermont

[643 A.2d 231]

No. 93-071

December 30, 1993. VSEA appeals a decision of the Vermont Labor Re-

lations Board declining to issue an unfair labor practice complaint against the State of Vermont for failure to bargain in good faith over a health insurance premium increase. For purposes of deciding whether to issue the complaint, the Board accepted the allegations of VSEA as true, but exercised its discretion not to issue a complaint. The Board reasoned that rescinding the premium and ordering the parties back to the bargaining table would provide no more inducement to bargain in good faith than existed during the negotiations, especially because the usual "statutory impasse" procedures did not apply to this provision of the contract. Therefore, the Board refused to allocate its limited resources to an issue it considered unenforceable. We affirm the Board, but on other grounds. *Gochey v. Bombardier, Inc.*, 153 Vt. 607, 613, 572 A.2d 921, 925 (1990).

VSEA argues two claims on appeal. The first is that the health insurance premium is a proper subject of bargaining. Because we affirm, rather than reverse, the Board, it is not necessary to decide this issue. We take the allegations as true, as did the Board, for the purpose of reviewing the Board's exercise of discretion. The second is that the Board abused its discretion because it based its decision on the assumption that the State would violate a lawful order to negotiate in good faith, that the Board's consideration of its limited resources was arbitrary and capricious, and that the Board's action precluded VSEA from any remedy for the unfair labor practice it alleged.

We agree with VSEA that the Board should not have declined to issue the complaint on the grounds that it could not force the State to bargain in good faith. The Board's

statement was an abrogation of its lawful authority to enforce its orders. The Board has authority under 3 V.S.A. § 965(d) to issue cease and desist orders when it finds that a party has committed an unfair labor practice and to take such affirmative action as will carry out the labor relations policies of the state. To effectuate its statutory purpose, the Board must stand by its own powers to remedy unlawful practices.

The Board's action was also based, however, on its limited resources. When the Board's jurisdiction is clearly discretionary, as it is here, it is not arbitrary or capricious for the Board to allocate limited resources to those cases it considers deserve them. 3 V.S.A. § 965(a) (Board may issue and cause to be served a complaint); see *In re D.C.*, 159 Vt. 314, 320–21, 618 A.2d 1325, 1328 (1992) (Commissioner of Mental Health has discretion not to create nonmandatory program for persons with mental retardation). Again, the question is whether the Board abused its discretion in failing to allocate its resources to this case. *Hinesburg School District v. Vermont NEA*, 147 Vt. 558, 560, 522 A.2d 222, 223–24 (1986).

Here, the factual background of the case supports the Board's decision not to litigate the unfair labor practice. The undisputed facts show that the state medical benefits plan is self-insured. The premiums are based on the cost of administration and the experience of the fund. Pursuant to the master contract, the State pays 80% of the premium and the employees pay 20%. The premium is projected by the State for a particular period. The parties bargain over the premium; however, experience may force an adjustment to the premium because it is either too much or too little. Regardless of ad-

justments, all monies collected from state employees inure to the benefit of the fund, so that overcollection reduces future premiums. The fund is discrete from all other funds belonging to the State.

In this case, the premium disputed by VSEA was first raised by 22.9% and then reduced by 12% six months later, which was subsequent to the filing of the unfair labor practice charge but prior to the Board's decision. Thus, at the time of the Board's decision, a significant question was raised as to whether any meaningful relief could be afforded even if VSEA were successful in proving its claims. Because of the manner in which the fund operates, no refund was due employees, and the claims then left in the case were legal ones. It was not an abuse of discretion for the Board to decline jurisdiction based, in part, on limited resources.

Our conclusion is not altered by VSEA's final argument that the Board abused its discretion because it precluded VSEA from any remedy for the alleged unfair labor practice. As discussed in *Hinesburg*, the Board has broad discretion to decide whether to issue a complaint. This discretion necessarily extends to circumstances in which the allegations in the complaint will not be addressed in any forum. We give due regard to the Board's "function of assessing carefully the interests of both sides of any labor-management dispute in the light of the special circumstances of that controversy." *Id.* at 561, 522 A.2d at 224. In the circumstances of this case, it was not an abuse of discretion to deny VSEA a forum.

*Affirmed.*