Robert L. WATTS

v.

**MERCEDES–BENZ USA, LLC.**

Court of Appeals of Tennessee, at Knoxville.

Aug. 16, 2007 Session.

Sept. 17, 2007.

Permission to Appeal Denied by Supreme Court Feb. 25, 2008.

William J. Brown, Cleveland, Tennessee, for the Appellant, Robert L. Watts.

Daniel P. Berexa and Ben M. Rose, Nashville, Tennessee, for the Appellee, Mercedes–Benz USA, LLC.

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

## OPINION

This appeal presents the issue of whether a buyer of an allegedly defective automobile is entitled to the remedy of revocation of acceptance against the automobile distributor under Tennessee's Uniform Commercial Code and the Federal Magnuson–Moss Warranty Act. We conclude that the remedy of revocation of acceptance, previously known as rescission, is only available against the seller, not the distributor, of the product. We therefore affirm the trial court's grant of summary judgment to the distributor.

### I. Background

Robert L. Watts bought a new 2002 Mercedes E320 from Mercedes–Benz of Knoxville (the "dealer") in September of 2001. The car came with a written limited warranty from Mercedes–Benz USA, LLC ("MBUSA"), which distributes Mercedes–Benz vehicles to dealers in the United States. Subject to certain exclusions and limitations, the limited warranty provided for the repair or replacement necessary to correct defects in material or workmanship, with a basic warranty period of 48 months or 50,000 miles, whichever came first.

On November 15, 2004, after Mr. Watts had driven the car approximately 50,000 miles, he filed this action against MBUSA, alleging that the car had required numerous repairs for chronically recurring problems, and further stating as follows:

> Since the purchase of the vehicle in September of 2001, the vehicle has been out of service 54 days for repairs to the air conditioning system, to repair a serious vibration, and finally to address a problem with the vehicle unexpectedly shutting off while it is being driven, often at high speeds on the interstate … All of these occurred while the vehicle was under the terms of the warranty. Plaintiff now considers the vehicle inherently dangerous and unsafe to drive.

Mr. Watts sued only MBUSA, not the dealer who sold him the car. Mr. Watts

asserted various theories of liability against MBUSA in his complaint, including breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, and violation of the Magnuson–Moss Warranty Act, 15 U.S.C. 2301, *et seq.*

The trial court granted MBUSA's motion for summary judgment on all claims except for breach of express written warranty, and Mr. Watts has not appealed that decision. Shortly before trial, Mr. Watts voluntarily dismissed his request for the remedy of monetary damages based on breach of express warranty, leaving only his request for the remedy of revocation of acceptance pursuant to Tenn.Code Ann. § 47–2–608 and the Magnuson–Moss Act. Upon reconsideration of the revocation of acceptance issue, the trial court held that remedy unavailable as against MBUSA under the applicable statutory scheme, and granted MBUSA summary judgment.

## II. Issue Presented

Mr. Watts has appealed, raising a relatively narrow issue: whether the trial court erred in holding that the remedy of revocation of acceptance is not available against the distributor under Tennessee's Uniform Commercial Code and the federal Magnuson–Moss Warranty Act.

## III. Standard of Review

Summary judgment is appropriate only when the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. When reviewing a motion for summary judgment, this Court is required to view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. See *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997); *Byrd v. Hall,* 847 S.W.2d 208, 210–11 (Tenn.1993). The burden of proof rests with the moving party, who must establish that its motion satisfies these requirements. *Staples v. CBL & Associates, Inc.,* 15 S.W.3d 83, 88 (Tenn.2000). If the moving party makes a properly supported motion, the burden shifts to the nonmoving party to establish the existence of disputed material facts. *Id.* (citing *Byrd v. Hall,* 847 S.W.2d at 215). If, however, the moving party fails to make a properly supported motion, "the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail." *Staples v. CBL & Associates, Inc.,* 15 S.W.3d at 88.

The standards governing the assessment of evidence in the summary judgment context are well established. Trial courts are obligated to consider pleadings, depositions, answers to interrogatories, admissions, and affidavits, to the extent that these are part of the record, in determining whether summary judgment should be granted. See *AmSouth Bank v. Soltis,* No. E2005–00452–COA–R3–CV, 2005 WL 3601460 at *2 (Tenn.Ct.App. E.S., filed Dec. 29, 2005); TENN. R. CIV. P. 56.04. Summary judgment is appropriate only when the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

Because a trial court's decision to grant a motion for summary judgment is solely a matter of law, it is not entitled to a presumption of correctness. See *Staples v. CBL & Associates, Inc.,* 15 S.W.3d at 88; *Carvell v. Bottoms,* 900 S.W.2d at 26. Consequently, our task is to review the record to determine if the requirements of

Rule 56.04 of the Tennessee Rules of Civil Procedure have been met. *Staples v. CBL & Associates, Inc.*, 15 S.W.3d at 88.

## IV. Analysis

■■■ The issue presented is whether a buyer of an allegedly defective car may pursue the remedy of revocation of acceptance against the automobile distributor under the Tennessee Uniform Commercial Code ("UCC") and the Magnuson–Moss Act. As this Court noted in *Haverlah v. Memphis Aviation, Inc.*, 674 S.W.2d 297, 302 (Tenn.Ct.App.1984), the UCC remedy of revocation of acceptance "for all practical effect replaces the old equitable doctrine of rescission." In seeking the remedy of revocation of acceptance, what a plaintiff is essentially asking for is a refund of the purchase price in exchange for a return of the defective goods purchased. *Patton v. McHone*, 822 S.W.2d 608, 619 (Tenn.Ct.App.1991) ("Buyers who properly revoke acceptance are entitled to cancel the contract and to recover so much of the purchase price as they have paid."). A review of the statutory authorities and the application of common-sense reasoning persuades us that the buyer may only pursue a revocation of acceptance remedy against the seller, not a distributor who did not transfer title and to whom no purchase price was ever paid.

The governing statute, Tenn.Code Ann. § 47–2–608, sets forth the following guidelines and requirements for a buyer to revoke his or her acceptance of a purchased product:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:

(a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Tenn.Code Ann. § 47–2–608. Both this statute and its accompanying comments exclusively use the terms "buyer" and "seller," suggesting that, as MBUSA argues, a buyer-seller relationship is required for revocation of acceptance to be available. *See also* Tenn.Code Ann. § 47–2–711 (providing buyer's remedies in the event the buyer "justifiably revokes acceptance" and likewise using the terms "buyer" and "seller"). The UCC defines "seller" as "a person who sells or contracts to sell goods," Tenn.Code Ann. § 47–2–103(1)(d), and "sale" as "the passing of title from the seller to the buyer for a price." Tenn.Code Ann. § 47–2–106(1). In the present case, it is undisputed that Mr. Watts purchased the car from the dealer, who held title to the car, and to whom Mr. Watts paid the purchase price.

In the case of *Simpson v. Beaverwood Mobile Home Sales, Inc.*, 1990 WL 61866 (Tenn.Ct.App. E.S., May 15, 1990), this Court was presented with the same issue upon a similar set of facts, and held there was no privity of contract between the buyer and manufacturer for purposes of revocation of acceptance by the buyer, stating as follows:

[I]t is generally held that revocation of acceptance is applicable only where there is privity of contract, and that *the buyer may assert it only against the seller, not the seller's agent or the manufacturer who was not the seller. As against the manufacturer who was not the seller, he is entitled only to money damages.*

\* \* \*

In our opinion, in order to be entitled to the remedy of rescission, there must be a buyer-seller relationship, and that relationship is absent in this case.

*Simpson,* 1990 WL 61866, at \*3, citing 67A Am.Jur.2d 591, *Sales,* § 1195, and *Voytovich v. Bangor Punta Operations, Inc.,* 494 F.2d 1208, 1211 (6th Cir.1974)(emphasis added; internal quotation marks omitted). Although *Simpson* and *Voytovich* involved a manufacturer defendant and MBUSA is a distributor, we believe the reasoning and holding applies equally to a distributor. In each case, whether the defendant was the distributor or manufacturer, it was the warrantor; and, equally as clearly, it was not the seller for purposes of deciding the issue of whether a buyer can sue for revocation of acceptance under the sales contract. The "buyer-seller relationship" required by *Simpson'*s interpretation of the UCC remains absent.

Mr. Watts strenuously argues that we should find that there was "privity of contract" between him and MBUSA, raising a cogent question in his brief: "how can MBUSA provide a significant part of the consideration for the purchase of the vehicle (i.e., the warranty) but not be a party to the transaction?" We believe the answer lies in an examination of the distinction between the potential remedies available to the buyer. Clearly, a buyer has a cause of action for breach of express warranty against a manufacturer or distributor who provides a warranty and allegedly breaches it. As *Simpson* notes, however, the remedy available is a recovery of monetary damages reasonably attributable to the breach of warranty, and this remedy allows a plaintiff to be made whole as against the warrantor. It makes little sense to allow a plaintiff to pursue against the distributor or manufacturer the remedy of revocation of acceptance and a refund of the purchase price, when the acceptance consummated the contract of sale with the seller, to whom the purchase price was paid. The Tennessee UCC does not anticipate or require this result, and we therefore hold that the trial court was correct in ruling that revocation of acceptance was unavailable to Mr. Watts as against MBUSA.

Mr. Watts further argues that the trial court erred in holding he does not have a claim for revocation of acceptance under the Magnuson–Moss Warranty Act, which provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C.A. § 2310(d)(1). However, Mr. Watts correctly concedes in his brief that under Magnuson–Moss, "where the warrantor has issued a 'limited warranty,' state law dictates the applicable remedies that are available." Courts in other jurisdictions addressing this issue under similar factual circumstances have found the remedy of revocation of acceptance unavailable.

In the recent case of *Long v. Monaco Coach Corp.,* No. 3:04–CV–203, 2006 WL 2564040 (E.D.Tenn., Aug. 31, 2006), the United States District Court for the Eastern District of Tennessee, applying Tennessee law, found that revocation of ac-

ceptance was not available under the Magnuson–Moss Act, stating and reasoning as follows:

In the instant matter, the Windsor motorhome was purchased from Buddy Gregg Motor Homes, Inc. There was no contract formed (privity) between plaintiffs and Monaco. Although plaintiffs state that "equitable relief" under 15 U.S.C. § 2310(d)(1) of the [Magnuson–Moss Act] should be construed liberally and has no limitations, the Court finds that privity must exist for the plaintiffs to receive a return of all monies paid toward the motorhome in exchange of the motorhome. The plaintiffs have cited to no authority whereby a Tennessee court allowed a plaintiff to seek such a remedy in the absence of privity of contract. Even though revocation of acceptance can be a breach of warranty remedy, this Court has found no case applying Tennessee warranty law allowing a plaintiff to seek such a remedy against a manufacturer with whom a plaintiff is not in privity of contract. If the revocation of acceptance is the remedy plaintiffs ultimately desired, then they needed to file suit against the seller, the party with whom they have privity of contract.

*Long,* 2006 WL 2564040, at *5. Other courts have reached the same conclusion. *See Gilbert v. Monaco Coach Corp.,* 352 F.Supp.2d 1323, 1334–35 (N.D.Ga.2004); *McGraw v. Fleetwood Enterprises, Inc.,* 2007 WL 2225976, at *3 (M.D.Fla.2007); *Sautner v. Fleetwood Enterprises, Inc.,* 2007 WL 1343806, at *7–9 (E.D.Mich. 2007); *Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.,* 459 F.Supp.2d 1028, 1038–39 (D.Haw.2006). We affirm the trial court's judgment that the Magnuson–Moss Act does not provide Mr. Watts the remedy of revocation of acceptance against MBUSA.

This holding does not mean Mr. Watts was left without a remedy. As already indicated, a cause of action was available against MBUSA for monetary damages resulting from a breach of its express warranty. Further, revocation of acceptance was potentially available to Mr. Watts as against the dealer who sold him the allegedly defective car, should he prove the statutory requirements of Tenn.Code Ann. § 47–2–608. *Seaton v. Lawson Chevrolet–Mazda, Inc.,* 821 S.W.2d 137 (Tenn. 1991); *Patton v. McHone,* 822 S.W.2d 608 (Tenn.Ct.App.1991). As this Court stated in *Moore v. Howard Pontiac–American, Inc.,*

The seller of personal property may specifically limit the buyer's remedies for breach of warranty to the repair and replacement of non-conforming goods or parts by the seller; however, where the circumstances cause such a limited remedy to fail of its essential purpose, the buyer no longer is limited to the remedy provided in the agreement but has available the remedies provided by the Uniform Commercial Code.

*Moore,* 492 S.W.2d 227, 229 (Tenn.Ct.App. 1972); *accord Spencer v. Golden Rule, Inc.,* No. 03A01–9503–CV–00088, 1995 WL 422656, at *3 (Tenn.Ct.App. E.S., July 19, 1995).

### V. Conclusion

For the aforementioned reasons, the trial court's summary judgment in favor of MBUSA is affirmed. Costs on appeal are assessed to the Appellant, Robert L. Watts.